**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **JANEE GILBEAUX**<br>**Parent and Next Friend of L.G.,**<br>**And**<br>**L.G., individually,**<br>**1113 McCollough Court NW Apt #401**<br>**Washington, D.C. 20001**<br><br>**Plaintiffs,**<br>**v.**<br><br>**District of Columbia**<br>**A Municipal Corporation**<br>**One Judiciary Square**<br>**441 4th Street, NW**<br>**Washington, D.C. 20001**<br><br>**To serve:**<br><br>**MURIEL BOWSER, Mayor**<br>**District of Columbia**<br>**441 4th Street, N. W., 6th Fl**<br>**Washington, D.C. 20004**<br><br>**KARL A. RACINE**<br>**Attorney General**<br>**441 4th Street, N. W., 6th Fl**<br>**Washington, D.C. 20004**<br><br>**Defendant.** | ) | **Civ No.:** |

## COMPLAINT

COMES NOW, the Plaintiffs, Janee Gilbeaux and minor child L.G., by and through their counsel and the law firm of James E. Brown & Associates, P.L.L.C. respectfully unto this Honorable Court state as follows:

## PRELIMINARY STATEMENT

1. This is an action for reimbursement of attorneys' fees and costs incurred by the plaintiffs in their claims against the defendant pursuant to the Individuals with Disabilities Education Improvement Act, 20 U.S.C. §§ 1400 *et seq.* ("IDEIA").

2. The Plaintiffs, the prevailing parties in the underlying administrative action, brought under IDEIA on their behalf, reside in the District of Columbia, and seek an order from the Court compensating them for reasonable attorneys' fees incurred in that action.

## JURISDICTION AND VENUE

3. This court has jurisdiction pursuant to:

    a. The Individuals with Disabilities Educational Improvement Act, 20 U.S.C. § § 1400-1461 ("IDEIA").

    b. Declaratory Relief is authorized by 28 U.S.C. § § 2201 and 2202.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff Janee Gilbeaux is the parent of a minor student who has been deemed eligible to receive special education and related services from Defendant District of Columbia.

6. Plaintiff L.G. is a minor student who has been deemed eligible to receive special education and related services from Defendant District of Columbia.

7. The Plaintiffs, at all times relevant to this action, have been residents of the District of Columbia, and were the prevailing parties in an administrative hearing held pursuant to IDEA.

8. At all times pertinent to the proceedings discussed in this Complaint, the Plaintiffs were represented by the lawyers with the law firm of James E. Brown & Associates, PLLC ("Brown & Associates"), a firm incorporated in the District, which specializes in special education law.

9. Plaintiffs have each consented to participate in, and advocate for, the reimbursement of their attorneys, for the full reasonable amount of fees that should have been paid to them for the work done on the underlying administrative cases.

10. That Defendant is a municipal corporation that receives federal funds pursuant to the IDEA, *see* 20 U.S.C. § 1411, in exchange for providing a free and appropriate public education ("FAPE"), and is obliged to comply with the applicable federal regulations and statutes, including but not limited, to IDEIA. *See also* § 1412(a)(1)(A).

## FACTUAL ALLEGATIONS

11. On March 31, 2023, Janee Gilbeaux and L.G. brought an administrative action, which alleged, *inter alia*, that the Defendant denied L.G. FAPE when it failed to implement L.G.'s IEPs dated February 18, 2022, June 16, 2022, and February 10, 2023 by failing to provide a dedicated aide. *See* Exhibit 1.

12. On June 14, 2023, following hearing on this matter, a hearing officer decision was issued, which found that Ms. Gilbeaux had met her burden of proof on the above described issue. *See* Exhibit 2. Specifically, the Hearing Officer found that the student missed approximately 1040 hours of required dedicated aide services. *Id.* The decision ordered, as relief, that the Defendant fund 216 hours of tutoring and twenty-four (24) hours of recreational therapy as compensatory education.

13. Plaintiffs prevailed as that term is defined in law, and Plaintiffs incurred reasonable attorneys' fees and costs in the amount $116,444.19. *See* Exhibit 3.

## COUNT I
### (Claim for Reasonable Attorneys' Fees and Costs)

14. Plaintiffs reincorporate paragraphs 1-13.

15. The Plaintiffs are prevailing parties in an impartial due process hearing against the Defendant under the IDEA.

16. As prevailing parties, the Plaintiffs are eligible to be awarded reasonable attorneys' fees by the Court under 20 U.S.C. §1415 (i)(3)(B)(i)(I).

17. The amount of attorneys' fees awarded "shall be based on rates prevailing in the community in which the action arose for the kind and quality of services furnished." 20 U.S.C. § 1415(i)(3)(C).

18. The current billing rates for the attorneys in this case, as evidenced by the invoices attached to this complaint, are reasonable and consistent with prevailing market rates in the District of Columbia.

19. The IDEIA and this Court allow for the recovery of reasonable costs associated with claims brought by prevailing parties such as the Plaintiffs herein.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully requests that this Court:

20. Declare that they are prevailing parties under the IDEA and are therefore entitled to recover reasonable attorneys' fees and costs;

21. Order the Defendant to pay Plaintiffs the sum of $116,444.19, reasonable attorneys' fees and costs for work on behalf of Janee Gilbeaux and L.G.

22. Award Plaintiff reasonable attorneys' fees and cost for litigation this Complaint, to be determined upon the timely submission of a fee petition to this Court, and

23. Award Plaintiff any other relief that this Court deems just and proper.

**Respectfully submitted,**

*/s/ Robert Jones*

ROBERT W. JONES, Bar No. DC997776
Associate Attorney
James E. Brown & Associates, PLLC

4

1220 L Street, 7th Floor  
Washington, D.C. 20005  
(202) 742-2000 (voice)  
(202) 742-2098 (fax)  
**Attorneys for Plaintiffs**